## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

COMPLAINT FOR EXONERATION
FROM OR LIMITATION OF LIABILITY
OF TAMPA BAY MARINE TOWING
& SERVICE, INC., d/b/a Sea Tow Tampa
Bay, AS OWNER OF THE 21'
TRIUMPH "M/V INTEGRITY,"                    **Case No. 8:08-cv-2277-T-17TBM**

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on Petitioner's **Verified Complaint for Exoneration From, or, in the Alternative, Limitation of Liability** (Doc. 1) and *Ad Interim Stipulation for Value and Costs* (Doc. 2). In support thereof, Petitioner has filed affidavits (Docs. 3-4) and a notice of publication (Doc. 5). For the reasons that follow, it is recommended that the district court transfer this matter to the appropriate federal district court within the State of Texas, pursuant to Supplemental Rule F.

On November 14, 2008, Petitioner, the owner of the M/V Integrity, filed this action pursuant to 46 U.S.C. §§ 30501, et seq., and within the Admiralty and Maritime Jurisdiction of this court under 28 U.S.C. § 1333, Rule 9(h) and Supplemental Rule F. By its Verified Complaint, Petitioner alleges a claim for exoneration from liability, or alternatively, limitation of liability, with respect to all losses, injuries, damages or any other claims arising out of an incident in which a captain on its vessel, Christopher Moyer, allegedly sustained an injury on the M/V Integrity. (Doc. 1). Petitioner alleges that Mr. Moyer filed a personal injury suit against it, among others, in Texas on May 15, 2008.

On November 17, 2008, the Honorable Elizabeth A. Kovachevich referred this case to the undersigned for approval of the *ad interim* stipulation, establishment of the means of notice to potential claimants, and a deadline for filing of claims. (Doc. 7). On December 9, 2008, prior to addressing those issues, the undersigned directed Petitioner to show cause why its **Verified Complaint for Exoneration From, or, in the Alternative Limitation of Liability** (Doc. 1) should not be dismissed for improper venue under Rule F or to file an Amended Verified Complaint in full compliance thereof. (Doc. 9). On December 29, 2008, the Petitioner responded to the order to show cause. (Doc. 10).

By his response, Petitioner acknowledges that the federal venue rules contemplate that limitation actions will be brought in the district in which the owner of the vessel has been sued if the vessel has not been attached or arrested. Here, however, Petitioner urges that the Texas action was brought in an improper jurisdiction as to Tampa Bay Marine. According to Petitioner, it is not subject to in personam jurisdiction there and has challenged such in the Texas action.[1] Further, Petitioner contends that it could not file the limitation action in Texas without subjecting itself to in personam jurisdiction in Texas. As such, Petitioner requests the court to either reconsider its prior decision [*sua sponte* directing it to show cause] or to hold this matter in abeyance pending the outcome of the jurisdictional issue in Texas. In the alternative, Petitioner requests that the court transfer this matter to the U.S. District Court for

---

[1]Petitioner alleges that it does not do business in Texas, does not have officers, directors, or property in Texas, and has no connection whatsoever with Texas. It alleges further that the captain (Mr. Moyer) was a Florida resident who was injured on a Florida vessel in Florida waters at a Florida marina. (Doc. 10 at 2).

the Northern District of Texas (instead of dismissing it), given the limitations period for bringing a limitation of liability action.[2] (Doc. 10).

As indicated previously, a vessel owner may file a complaint for limitation in the appropriate district court, as provided in Rule F(1). *See* Fed. R. Civ. P. Supp. R. F(1). That provision states that venue is appropriate "in any district court in which the vessel has been attached or arrested to answer for any claim with respect to which the plaintiff seeks to limit liability; or, if the vessel has not been attached or arrested, then in any district in which the owner has been sued with respect to any such claim." Fed. R. Civ. P. Supp. R. (F)(9). Further, "if venue is wrongly laid the court shall dismiss or, if it be in the interest of justice, transfer the action to any district in which it could have been brought."[3] *See id.*

Here, Petitioner has not alleged in its Verified Complaint or on its instant pleading that the M/V Integrity was attached or arrested in any district in connection with the claim with respect to which it seeks to limit liability. As such, the only appropriate venue for this action is "in any district in which the owner has been sued . . ." Fed. R. Civ. P. Supp. R. (F)(9). Petitioner does not allege that it has been sued in this district. Rather, Petitioner concedes that suit has been filed against it in the State of Texas. Thus, at present, venue is appropriate only in a federal district court in Texas. *See* Fed. R. Civ. P. Supp. R. (F)(9); *see*

---

[2]A complaint for limitation of liability must be filed within six months after receiving a written notice of a claim. 46 U.S.C. § 30511(a); Fed. R. Civ. P. Supp. R. F(1).

[3]District courts may dismiss a suit *sua sponte* for lack of venue where the parties are given an opportunity to present their views on the issue. *Algodonera De Las Cabezas, S.A. v. Am. Suisse Capital, Inc.*, 432 F.3d 1343, 1345 (11th Cir. 2005) (quoting *Lipofsky v. N.Y. State Workers Comp. Bd.,* 861 F.2d 1257, 1259 (11th Cir.1988)). As recognized by the Eleventh Circuit, this rule gives defendants an opportunity to waive the venue defense and plaintiffs an opportunity to present arguments as to why venue is proper *before* the case is dismissed. *Id.*

*also In re Complaint of Mike's, Inc.*, 317 F.3d 894, 895 (8th Cir.2003) (venue for vessel owner's limitation proceeding was proper only in the Southern District of Illinois because a crew member had filed suit against owner in state court in that district). Accordingly, because dismissal may result in a potential time bar for Petitioner, it is RECOMMENDED that the district court **TRANSFER** this matter to the federal district court for the Northern District of Texas.[4] *See* Fed. R. Civ. P. Supp. R. (F)(9).

> Respectfully submitted on this
> 13th day of March 2009.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
United States District Judge
Counsel of Record

---

[4]Given the allegations set forth in the Verified Complaint (Doc. 1) and counsel's assertions in the instant pleading (Doc. 10), there is reason to question whether venue in a Texas court is appropriate. However, because Mr. Moyer filed suit against the Petitioner in the State of Texas, the Texas court has assumed jurisdiction, and Petitioner does not allege that its vessel was arrested or attached, the rules direct that this case be dismissed or transferred at this juncture. The interests of justice dictate that the matter be transferred rather than dismissed.

4