UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COMPLAINT FOR EXONERATION
FROM OR LIMITATION OF
LIABILITY OF TAMPA BAY
MARINE TOWING & SERVICE,      CASE NO. 8:08-CV-2277-T-17TBM
INC. d/b/a Sea Tow Tampa
Bay, AS OWNER OF THE 21'
TRIUMPH "M/V INTEGRITY."

_____/

ORDER

This cause is before the Court on:

Dkt. 26   Motion to Dismiss or To Transfer Venue
Dkt. 28   Response
Dkt. 32   Reply

This case is a Complaint for exoneration, or, in the alternative, for limitation of liability.

Claimant Christopher Moyer moves to dismiss this case or transfer the case to the federal court which encompasses Dallas County, Texas, pursuant to Supplemental Rule F(9). Claimant Moyer argues that, at the time this case was filed, 11/14/2008, there was a case pending in the 160th Judicial District Court for Dallas County, Texas.

I. Background

On May 15, 2008, Claimant Moyer filed suit against Sea Tow and Harborage Marina, LLC in the 160th Judicial District, Dallas County, Texas, Cause No. 08-05764, for injuries sustained on October 6, 2006 when Claimant Moyer was injured while fueling a

Case No. 8:08-CV-2277-T-17TBM

vessel at Harborage Marina in St. Petersburg, FL. That case was pending when Case No. 8:08-CV-2277-T-17TBM was filed. A Report and Recommendation was entered in Case No. 8:08-CV-2277-T-17TBM, in which the assigned Magistrate Judge recommended that this case be transferred to the federal district court for the Northern District of Texas, since dismissal posed a potential time bar to Defendant's case. (Dkt. 11). Petitioner Tampa Bay Marine Towing & Service, Inc. d/b/a Sea Tow Tampa Bay ("Tampa Bay")filed an Objection to the Report and Recommendation, advising the Court that the Texas case was stayed pending resolution of the interlocutory appeal of the Texas court's denial of Petitioner's Special Appearance in the Texas case. Petitioner requested that the Court stay or hold this matter in abeyance pending the outcome of the jurisdictional issues in Texas. Petitioner stated:

> If the court ultimately rules that there is
> no jurisdiction over Tampa Bay Marine in
> Texas or that the matter should be more
> properly brought in Florida, there will be no
> pending suit, and venue will be proper in
> Florida. If the court finds in favor of
> jurisdiction or retains jurisdiction,
> Petitioner would then consent to having this
> matter transferred to the federal court for
> the Northern District of Texas.

The Court sustained Petitioner's objection by taking no further action to transfer this case until the appeal was resolved. On November 20, 2009, the Court of Appeals for the Fifth District of Texas at Dallas entered its Memorandum Opinion, in which the Court of Appeals concluded that Claimant Moyer did not prove his allegation that personal jurisdiction existed over Petitioner

2

Case No. 8:08-CV-2277-T-17TBM

Tampa Bay Marine Towing & Service, Inc. under a corporate veil-piercing theory. The Court of Appeals concluded that Tampa Bay Marine Towing & Service, Inc. is a Florida company that does not do business in Texas, and there was no basis to impute Sea Tow International's contacts to Tampa Bay. The Court of Appeals dismissed the claims against Tampa Bay for lack of jurisdiction.

On January 8, 2010, Claimant Moyer refiled the Complaint against Tampa Bay Marine Towing & Service Inc., d/b/a Sea Tow Services Tampa Bay, Sea Tow Services International, Inc., and Harborage Marina, LLC in Hillsborough County Circuit Court, Thirteenth Judicial Circuit, in Tampa, Florida. (Case No. 10-00294, Division F).

The Court notes that Claimant Moyer is a resident of St. Petersburg, Florida. Tampa Bay Marine Towing & Service, Inc., d/b/a Sea Tow Tampa Bay is a Florida corporation with its headquarters located in St. Petersburg, Florida. Defendant Harborage is a Delaware corporation whose principal place of business is in St. Petersburg, Florida. Defendant Sea Tow Services International, Inc. is a New York entity which conducts business in Hillsborough County, Florida. (Dkt. 13-2, 18-1). Defendants' Registered Agents are present within Hillsborough County.

The Court further takes judicial notice of the factual allegations contained in Defendant Harborage Marina, LLC's Motion to Dismiss for Forum Non Conveniens, supported by discovery taken in the Texas case (Dkt. 13-2, pp. 5-6).

3

Case No. 8:08-CV-2277-T-17TBM

The Court takes judicial notice of the docket of Claimant Moyer's case which Claimant filed in the 160th Judicial Circuit for Dallas County Texas. The docket shows that the Texas Court granted the Motion to Dismiss for Forum Non Conveniens on November 2, 2009.

II. Discussion

The Court notes Rule 1 of the Federal Rules of Civil Procedure:

> **Rule 1. Scope and Purpose**
> These rules govern the procedure in all civil actions and proceedings in the United States district court, except as stated in Rule 81, They should be construed and administered to secure the just, speedy and inexpensive determination of every action and proceeding.

Jurisdiction relates to the power to adjudicate. The closely related concept of venue is an administrative limitation on where the power to adjudicate should be exercised. The Court notes that the Advisory Committee Notes to Supplemental Rule F (9) state:

> Derived from Admiralty Rule 54. The provision for transfer is revised to conform closely to the language of 28 U.S.C. Secs. 1404(a) and 1406(a), though it retains the existing rule's provision for transfer to any district for convenience. The revision also makes clear that has been doubted: that the court may transfer if venue is wrongly laid.

4

Case No. 8:08-CV-2277-T-17TBM

The Court agrees that the general rule is that venue is set by the facts as they existed at the time of filing. <u>Flowers Indus., Inc. v. FTC</u>, 835 F.2d 775, 776 n.1 (11th Cir. 1987). One relevant venue fact is that Claimant Moyer filed suit in Dallas County, Texas. Other relevant venue facts, unchanged since the date of filing, are that Claimant Moyer resides in St. Petersburg, Florida; that Tampa Bay Marine Towing & Service, Inc. d/b/a Sea Tow Tampa Bay is a Florida corporation which does not do business in Texas, and which has its principal place of business in St. Petersburg, Florida. Other relevant venue facts are that Claimant Moyer was injured in an accident which took place in St. Petersburg, Florida, and was treated for the injury by a number of care providers within this judicial district.

The Court does not know what jurisdictional allegations Claimant Moyer included in the complaint filed in Dallas County Texas. Whatever those allegations were, Claimant Moyer was in error in commencing the case in Dallas County, Texas. The Texas Court of Appeals found that the Texas court had no jurisdiction over Tampa Bay Marine Towing & Service, Inc. d/b/a Sea Tow Tampa Bay. The Dallas County Court dismissed Claimant's case for <u>forum non conveniens</u>. Claimant Moyer has now chosen to refile the case in Hillsborough County, Florida within this judicial district.

A limitation proceeding is designed to marshal the assets of the shipowner subject to liability, and distribute them pro rata to the claimants. Limitation proceedings are inherently defensive, and are usually instituted in response to a suit filed against the shipowner. At present, Claimant Moyer has filed suit in this district, and the limitation proceeding is pending in

Case No. 8:08-CV-2277-T-17TBM

this district. The Court could strictly construe Supplemental Rule F(9), and transfer this case to Texas, but that would compound Claimant's error in choosing the wrong venue. It would be a waste of resources to transfer this case for the sole purpose of allowing the transferee court to determine the inevitable motion to transfer for forum non conveniens. Since Claimant has already filed suit in Hillsborough County, Florida, Claimant cannot be inconvenienced by allowing this case to proceed in Florida. On the facts of this case, there is no doubt venue is more convenient in this district than in Texas.

After consideration, in the interest of justice, the Court denies the Motion to Dismiss and the Motion to Transfer. Accordingly, it is

**ORDERED** that the Motion to Dismiss is **denied** and the Motion to Transfer is **denied** (Dkt. 26).

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 12 day of April, 2010.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record